UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LONNY BRISTOW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:13-cv-00230-JMS-WGH |
| ) | |
| J.F. CARAWAY, Warden, United States ) | |
| Penitentiary, ) | |
| ) | |
| Defendant. ) | |

**Entry Denying Issuance of a Temporary Restraining Order or Preliminary Injunction**

The plaintiff's motion for temporary restraining order or motion for preliminary injunction has been considered. In this motion plaintiff Lonny Bristow seeks immediate transfer to another institution. Bristow explains that such a transfer is necessary because he previously testified against members of the Ohio Aryan Brotherhood prison gang. Upon arrival at the United States Penitentiary in Terre Haute, Indiana, ("USP Terre Haute") on June 10, 2013, Bristow was advised that he was not safe at USP Terre Haute and, as a result, he would be placed in the Special Housing Unit ("SHU") and transfer paper work would be initiated. Bristow testified that this response is inadequate. He states that he is not safe in the SHU because he is not in a single cell and inmates have congregate recreation.[1] In addition, prison employees have refused to take the necessary actions to transfer him.

A temporary restraining order, or a preliminary injunction, is an extraordinary remedy, and the plaintiff has the burden to prove by clear and convincing evidence that the remedy is

---

[1] Bristow testified that another inmate in the SHU was beaten by other inmates because he was a child molester.

appropriate. *See Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 442-43 (1974). In *Winter v. NRDC*, 555 U.S. 7, 20 (2008), the Supreme Court set out a four-factor test: "[a] plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *See Munaf v. Geren,* 553 U.S. 674, 690 (2008) ("a party seeking a preliminary injunction must demonstrate, among other things, a likelihood of success on the merits." (quotations omitted)).

To obtain a temporary restraining order, the applicant must show not only the traditional four preliminary injunction factors, but "also must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order." *Sneed v. PNC Bank, Nat. Ass'n*, 2011 WL 93745, *1 (D. Colo. Jan. 10, 2011).

Bristow's request for a temporary restraining order or preliminary injunction [dkt. 9] is **denied.** First, Bristow has filed to establish that he is likely to succeed on the merits of his underlying claim. That claim is that the defendants are deliberately indifferent to his safety, in violation of the Eighth Amendment, by knowingly incarcerating him with members of the Aryan Brotherhood. Bristow has failed to establish that he faces a substantial risk of serious harm in the SHU or that the defendants have knowingly disregarded that risk. *See Farmer v. Brennan*, 81 F.3d 1444 (7th Cir. 1996). For example, there is no evidence that Bristow's cell mate poses a substantial risk to Bristow's safety or that Bristow is required to participate in communal recreation.

Similarly, Bristow has failed to establish that that he is likely to suffer irreparable harm in the absence of preliminary relief. In addition, there is no basis upon which the Court could

conclude that Bristow would be safer at any other federal prison. There is no evidence that any particular prison would provide Bristow with the security he seeks.

For these reasons, the motion for preliminary injunction or motion for temporary restraining order [dkt. 9] is **denied.**

The plaintiff's motion to compel [dkt. 15] the court to rule on his motion for injunctive relief is **denied as unnecessary.**

**IT IS SO ORDERED.**

Date: 07/23/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

LONNY BRISTOW
Reg. No. 58803-060
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808