UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LONNY BRISTOW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:13-cv-00230-JMS-WGH |
| ) | |
| J.F. CARAWAY, Warden, United States ) | |
| Penitentiary, ) | |
| ) | |
| Defendant. ) | |

**Entry Discussing Amended Complaint, Severing Claims,
and Directing Further Proceedings**

Plaintiff Lonny Bristow, an inmate at the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute"), filed a five count amended complaint.

### I. Delayed Transfer

### A.

In Counts 1, 2 and 3, Bristow alleges that defendants Warden J.F. Caraway, Lieutenant Young, Officer Cruze, and Paul M. Laird, Regional Director of North Central Regional Office violated his Eighth Amendment rights by delaying his transfer to another facility, after he requested transfer due to the presence in prison of members of a gang which had threatened to kill him. He seeks nominal and punitive damages, injunctive relief, and a declaratory judgment. These claims have been screened as required by 28 U.S.C. § 1915A(b) and shall proceed as submitted with one exception. *See Babcock v. White*, 102 F.3d 267 (7th Cir. 1996) (*Bivens* case in which prisoner was threatened by gang and sought injunctive relief).

**B.**

That exception relates to the Director of Designation and Sentence Computation Center ("DSCC"). In addition to the four individuals listed above, Bristow has named this Director as a defendant. The identity of the individual who holds the position of Director of DSCC is not readily available from the Bureau of Prisons website. The Court's cursory review reflects that no individual with the title of Director of DSCC may exist. This Court will not order the Marshal to personally serve a summons to an unidentified person. Accordingly, the Director of DSCC is **dismissed without prejudice.** Should Bristow learn of his or identity, he may seek leave of Court to the Director as a party.

**C.**

Because Bristow is proceeding under the theory recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)*,* **personal service is required.** *Robinson v. Turner,* 15 F.3d 82 (7th Cir. 1994). The Marshal for this District or his Deputy shall serve the summons, together with a copy of the **amended complaint**, filed on July 9, 2013, and a copy of this Entry, on Lieutenant Young, Officer Cruze, Paul M. Laird, and on the officials designated pursuant to *Fed. R. Civ. P.* 4(i)(2), at the expense of the United States.

Personal service of a summons on Warden Caraway was previously directed in the Entry of June 27, 2013.

**II. Black Mold**

**A.**

In Count 4, Bristow alleges that Warden Caraway and the Regional Director are violating Bristow's Eighth Amendment rights by failing to take reasonable steps to remove black mold in his cell and throughout the SHU. This claim is distinct from the claims alleged in Counts 1-3 of

the Amended Complaint. Rule 21 of the Federal Rules of Civil Procedure gives the Court discretion to sever any claim and proceed with it separately if doing so will increase judicial economy and avoid prejudice to the litigants. *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.,* 754 F.2d 738, 743 (7th Cir. 1985) (citing 6 Wright and Miller, Federal Practice and Procedure § 1591, at 823). That is the case here, severing the black mold claim will promote judicial economy by limiting the record in this case to a single theory of liability, which is that the defendants have failed to protect Bristow from the risk posed by members of the Aryan Brotherhood.

**B.**

To effectuate this ruling, one new civil action from the Terre Haute Division shall be opened, consistent with the following:

   a.   Lonny Bristow shall be the plaintiff.

   b.   The Nature of Suit in the newly opened action shall be 555.

   c.   The Cause of Action of the newly opened action shall be 28:1331b.

   d.   The amended complaint in this action [Dkt. 11] shall be filed and re-docketed as the complaint in the newly opened action. Bristow's request to proceed in forma pauperis shall likewise be filed and re-docketed in the newly opened action.

   e.   A copy of this Entry shall be docketed in the newly opened action.

   f.   This action and the newly-opened action shall be shown as linked actions.

   g.   The defendants in the newly opened actions shall be 1) J.F. Caraway, Warden, United States Penitentiary, and 2) Paul M. Laird, Regional Director of North Central Regional Office.

### III.  Retaliation

In Count 5, Bristow alleges that Warden Caraway has retaliated against Bristow for filing a complaint about black mold by refusing to transfer Bristow to another institution. Such a claim was or could have been brought in *Bristow v. Caraway*, No. 2:13-cv-265-LJM-WGH. In that case (now pending), Plaintiff Lonny Bristow, alleges that Warden J.F. Caraway and Counselor Weyrauch have retaliated against him for filing litigation and attempting to use the administrative remedy process. Accordingly, the retaliation claim is **dismissed** from this action as duplicative.

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date:  07/24/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

LONNY BRISTOW
58803-060
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204