UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

LONNY  BRISTOW,                            )
                                           )
                    Plaintiff,             )
                                           )
          vs.                              )      Case No. 2:13-cv-00230-JMS-WGH
                                           )
J. F. CARAWAY Warden, United States        )
Penitentiary, CRUZE Officer,               )
YOUNG Lieutenant,                          )
PAUL M. LAIRD Regional Director of North   )
Central Regional Office,                   )
                                           )
                    Defendants.            )


**Entry Concerning Selected Matters**


**I. Second Amended Complaint**

The plaintiff's request to file a second amended complaint [dkt. 25] is **granted.** The clerk
is directed to re-file the proposed complaint as the second amended complaint. The **clerk is
directed to update the docket** to reflect that **Lieutenant Young** is no longer a defendant in this
action and that **Investigator Burks** has been added as a defendant.


**II. *In Forma Pauperis* Status**

The plaintiff's request to proceed *in forma pauperis* was previously granted. It is now
apparent, however, that he is not eligible to proceed in that fashion because of prior litigation
brought by him while a prisoner and the barrier created by 28 U.S.C. § 1915(g).

A prisoner who has filed at least three suits or appeals that are frivolous, malicious, or fail
to state a claim is ineligible to proceed *in forma pauperis* and must prepay all fees unless he "is

under imminent danger of serious physical injury." § 1915(g); *see also Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008). This barrier may be avoided only if a plaintiff alleges a physical injury that is imminent or occurring at the time the complaint is filed, where the threat or prison condition causing the physical injury is real and proximate. *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan,* 279 F.3d 526, 529 (7th Cir. 2002), and *Heimermann v. Litscher,* 337 F.3d 781 (7th Cir. 2003)). Allegations of past harm do not suffice. Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, the court did not have complete information regarding Bristow's prior "strikes" when his motion for leave to proceed *in forma pauperis* was granted. It was Bristow's responsibility to notify this court of his prior strikes. *Ammons*, 547 F.3d at 725 (ΑA litigant who knows that he has accumulated three or more frivolous suits or appeals must alert the court to that fact.@ *Id. citing Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999)).

In *Evans v. Illinois Department of Corrections*, 150 F.3d 810 (7th Cir. 1998), it was noted that a prisoner-litigant in these circumstances is entitled to know the cases the court relies on when making the three-strikes determination. For plaintiff Bristow's reference, the cases on which the court relies in finding three or more Αstrikes@ are the following, each of which was filed while he was a "prisoner" as defined in 28 U.S.C. § 1915(h) and each of which was dismissed for failure to state a claim upon which relief could be granted:

> *Bristow v. Joe Kernan and J. Steven Cox,* No. 1:03-cv-1330-DFH-TAB (S.D.Ind. December 16, 2003).
> *Bristow v. Cox,* No. 1:08-cv-147-SEB-WTL (S.D. Ind. Feb. 5, 2008)
> *Bristow v. Cox,* No. 1:03-cv-457-DFH-TAB (S.D. Ind. May 30, 2003)
> *Bristow v. Nichols*, No. 2:12–cv–0045 (S.D. Ohio April 23, 2012)
> *Bristow v. Amber,* 2012 WL 1963577 (S.D. Ohio, May 31, 2012)

The Second Amended Complaint alleges that Bristow, an inmate at the United States Penitentiary in Terre Haute ("USP-Terre Haute"), is in danger because he testified against a member of the Aryan Brotherhood prison gang. This information is accessible from the inmate law library computer at USP-Terre Haute. Bristow has been placed in the Special Housing Unit for his safety, but Bristow states that he is not safe there because there are gang members in the SHU and periods of unsupervised communal recreation. Inmates have threatened to kill Bristow as soon as the opportunity presents itself. Bristow has sued Paul M. Laird, J.F. Caraway, Investigator Burks and Correctional Officer Cruze for failing to take reasonable steps to protect Bristow including securing his transfer to a protective custody setting. Bristow seeks monetary and injunctive relief.

Bristow shall have **through October 20, 2013,** to either pay the $400.00 filing fee to the clerk of the district court, to show cause how his allegations overcome the barrier created by § 1915(g) or to voluntarily dismiss this action. If Bristow intends to assert that the second amended complaint alleges a physical injury that is imminent he should explain how his placement in the SHU subjects him to a threat of physical injury that is real and proximate. For example, there is no allegation that Bristow's cell mate (if he has one) poses a substantial risk to Bristow's safety or that Bristow is required to participate in communal recreation. In addition, Bristow has been in the SHU since his arrival at the USP-Terre Haute in June 10, 2013. There is no allegation that Bristow has been physically injured during this time period and there is no allegation that his circumstances have recently changed.

### III.  Pending Motion

Given the directions issued in Part II of this Entry, the motion for completion of threat assessment [dkt. 24] is **denied without prejudice.**

**IT IS SO ORDERED.**

Date: ___08/30/2013___

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

LONNY BRISTOW
58803-060
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808